UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **J&B BOAT RENTAL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-323** |
| **JAG CONSTRUCTION SERVICES, INC., WESTERN SURETY COMPANY, AND LARRY DOIRON, INC.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Motion to Dismiss filed by JAG Construction Services, Inc., Larry Doiron, Inc., and Western Surety Company (Doc. #10) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion to dismiss filed by defendants, JAG Construction Services, Inc., Larry Doiron, Inc. ("LDI"), and Western Surety Company. Defendants argue that plaintiff, J&B Boat Rental, LLC, failed to state a claim for breach of contract because J&B did not allege the price to which it and JAG agreed.

On August 18, 2010, the Terrebonne Levee and Conservation District awarded defendant LDI a contract in the amount of $7,874,884, pursuant to which LDI agreed to provide services and equipment for the hurricane protection interim flood risk reduction project for the Morganza to the Gulf of Mexico. The project was funded by the federal government, and, pursuant to the Miller Act, 40 U.S.C. § 3131, et seq., LDI obtained a payment bond from Western Surety, for the contract amount. LDI and JAG entered into a subcontract whereby JAG agreed to perform a portion of the work under the contract. JAG's work required the use of a self propelled vessels to move barges.

JAG initially had an oral vessel lease contract with a non-party. That non-party ceased providing services to JAG, and has been compensated.

After JAG's contract with the non-party ended, J&B contacted JAG and offered to provide the vessels for the remainder of JAG's work on the project. JAG and J&B entered into an oral contract whereby J&B agreed to provide services and equipment to JAG for the project. On June 6, 2011, and August 3, 2011, J&B sent invoices to JAG seeking a total of $66,300 for its services and equipment. J&B claimed that the rental price for the vessels was $300 per hour "around the clock," or $7,200 per day. JAG refused to pay the invoices, contending that the rental price to which it agreed was $2,000 per day. On September 23, 2011, J&B provided notice of its claim to the defendants pursuant to the Miller Act.[1] Thereafter, J&B filed this lawsuit seeking payment. The Complaint alleges, in pertinent part:

> 10.
>
> On or about May 1, 2010, J&B Boat Rental, LLC entered into an oral contract with JAG Construction Services (hereinafter "JAG") to provide services and equipment in connection with Larry Doiron, Inc.'s contract with the Terrebonne Levee and Conservation District

---

[1] The Miller Act provides, in pertinent part, at 40 U.S.C. § 3133(b)(2):

> Persons having direct contractual relationship with a subcontractor. A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.

on the Morganza hurricane protection interim flood risk reduction project. JAG was a subcontractor of Larry Doiron, Inc.

11.

J&B Boat Rental, LLC provided equipment and services on the Terrebonne Levee and Conservation district protection interim flood risk reduction project from May 12 until July 28, 2011 at an hourly rate of $300.00.

12.

As a result of the equipment and services provided by J&B Boat Rental, LLC, invoices were generated to JAG, Larry Doiron, Inc., and Western Surety Company requesting payment for said costs in the amount of $66,300.00.

On April 25, 2012, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that J&B's suit should be dismissed because it failed to state a claim upon which relief can be granted. Specifically, the defendants argue that J&B did not properly allege a breach of contract claim because it failed to allege that JAG and J&B agreed upon the price of $300 per hour "around the clock."

J&B argues that its pleadings comply with the requirements of the Miller Act, because stated the amount claimed and the name of the party to whom the labor or material was furnished or supplied or for whom the labor was done or performed. J&B also argues that it complied with the notice pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Alternatively, J&B states that it will amend its complaint to allege that it agreed upon the price of $300 per hour "around the clock" with JAG, if the court deems the amendment necessary.

3

## ANALYSIS

### A. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id. at 498-99 (internal citations omitted).

**B.     Rule 8(a)(2)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

**C.     Miller Act**

Section 3133(b), of Title 40 of the United States Code describes the rights of persons furnishing labor or material for a contract funded by the federal government to bring a civil action:

> (1) In general. Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title [40 USCS § 1331] and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.
>
> (2) Persons having direct contractual relationship with a subcontractor. A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material

> for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.

J&B brought its claims pursuant to the Miller Act, and its complaint conforms with Rule 8(a)(3) and the Miller Act. J&B clearly places the defendants on notice of its claims, and it identifies the amount claimed, $66,300, and that the labor and materials were furnished or supplied to JAG in connection with the Terrebonne Levee and Conservation District the hurricane protection interim flood risk reduction project for the Morganza to the Gulf of Mexico. Because J&B's complaint conforms with Rule 8(a)(3) and the Miller Act, defendants' motion to dismiss is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that JAG Construction Services, Inc.'s Motion to Dismiss (Doc. #10) is **DENIED**.

New Orleans, Louisiana, this   13th day of June, 2012.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**